## SECURITIES AND EXCHANGE COMMISSION, Plaintiff—Appellee,

v.

## CROSS FINANCIAL SVC., Defendant,

and

## Victor Sherman, Respondent—Appellant.

No. 03–55986.

D.C. No. CV–94–04228–RAP.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2005.*

Decided March 9, 2005.

Angel Yang, Esq., Office Of General Counsel, Washington, DC, for Plaintiff–Appellee.

Karen Lynn Matteson, Charles E. Slyngstad, Musick, Peeler & Garrett, Los Angeles, CA, John W. Avery, Washington, DC, for Defendant.

Victor Sherman, Sherman & Sherman, Santa Monica, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before BRUNETTI, SILVERMAN, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Victor Sherman appeals a district court order requiring him to disgorge a $150,000 retainer fee that he received to represent Michael J. Colello in a criminal case related to the SEC civil action against Colello. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the disgorgement order for an abuse of discretion, *SEC v. Colello*, 139 F.3d 674, 675 (9th Cir.1998), and affirm.

Sherman also argues that the district court violated due process right by considering prior evidence against Colello and drawing an adverse inference against Colello from Colello's continued assertion of his Fifth Amendment privilege. However, Sherman waived these arguments by not challenging the use of the prior evidence or adverse inference in the district court. *See Keenan v. Allan*, 91 F.3d 1275, 1278 n. 4 (9th Cir.1996). Assuming, *arguendo*, that Sherman did not waive these challenges, his arguments fail because the district court only drew the adverse inference against Colello, not Sherman; the inference was that Colello, not Sherman, violated the freeze order.

Sherman argues that the district court abused its discretion by finding that the retainer came from investor funds without requiring the SEC to trace the funds. We disagree. In addition to the adverse inference drawn from Colello's continued assertion of his Fifth Amendment privi-

lege, Colello failed to account for the funds and he had not earned income since June 1994. These uncontroverted facts provide ample circumstantial evidence supporting the district court's finding that the money transferred to Sherman was derived from investor funds. Thus, the SEC was not required to trace the funds.

Finally, Sherman argues that this court should remand to allow him to assert a bona fide purchaser claim. However, Sherman made no claim to the money in the district court and consistently asserted that he intended to return the money to an undisclosed third party. Therefore, he has waived any claim to the funds. *See Keenan*, 91 F.3d at 1278 n. 4.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.